### No. 853
### AMERICAN LEGION et v. McKELL et

No. 19281. Supreme Court

On motion to certify. Dock. July 22, 1925; 3 Abs. 466.

**349. CY PRES—Does doctrine of apply to benefit of American Legion when fund was originally created for benefit of soldiers and sailors in the service during the World War?**

This case started in the Ross Common Pleas, a petition being filed by Richard Enderlin, Austin Story and John Poland, as Joint Committee of the Ross County War Chest Fund. It was set forth that the trustees of the fund had in their possession about $17,000 which was the residue of a fund which had been collected by popular subscription during the war "for the benefit of the boys of Ross County who were in the service of their country in the Great War."

It was further stated that since the war had ceased, the particular needs for relief of soldiers and sailors have largely disappeared, and there was uncertainty as to the rights for the distribution of the remaining funds in the hands of the trustees. A prayer for an order directing when and how and to whom the funds may be distributed was made.

The American Legion of Ross County filed an intervening petition claiming the fund under the theory that it was raised for the benefit of the soldiers and sailors in the Great War, and the war being over, this fund should be used for a purpose as near to that for which it was created, under the doctrine of cy pres. William McKell, also filed an intervening petition as one of the original contributors to said fund and as a representative of the American Red Cross praying that trustees be appointed to administer the fund under the orders of the court. An intervening petition was also filed by the Veterans of Foreign Wars.

The Common Pleas denied that the doctrine of cy pres applied and new trustees were ap-

pointed in place of the old ones. The action of the Common Pleas was in part ratified by the Court of Appeals, which also denied the application of the doctrine of cy pres. The case was taken to the Supreme Court on a motion to certify.

It is contended that the courts below erred in holding that no need existed to invoke the doctrine of cy pres. It is claimed that the purpose for which the fund was raised was such as to force the application of this doctrine. The subscription card of the subscribers to the fund read: "I authorize the executive committee of the War Chest Fund to expend my subscription for such "War" needs as they deem best." The testimony shows, it is claimed, that the fund was raised to help Ross County soldiers and sailors in the war, to stimulate the morale, and let the boys at the front know that the people at home were behind them, "to give them comforts when they were out of the trenches or in training camp."

It is claimed the war being over, and the Ross County boys no longer in the war, the War Chest fund raised for that benefit should be used under cy pres; and when so used should be turned over to the American Legion in Ross county to administer without expense for the benefit of all ex-service men and women of Ross county.

It is further contended that the court below erred in decreeing that individual trustees should be appointed, as the result is a waste of the trust fund to the detriment of the successors of those for whose benefit the trust fund was originally created.

Attorneys—Gilbert, Bettman, Cincinnati, and Gordon Phillips and John A. Poland, Chillicothe for Legion; R. W. Manley, Chillicothe for McKell et.